UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDWARD VINES                          :
                                      :          PRISONER CASE NO.
v.                                    :          3:02-cv-1108(JCH)(HBF)
                                      :
COMMISSIONER JOHN                     :
ARMSTRONG, ET AL.                     :          DECEMBER 10, 2003

**RULING ON MOTION TO DISMISS [DKT. NO. 15]**

The plaintiff is an inmate who is confined at the Northern Correctional Institution in

Somers, Connecticut.  He filed this pro se civil rights action[1] pursuant to 28 U.S.C. § 1915,

alleging that the defendants failed to protect him from assault by his cellmate.  Pending is a

motion to dismiss filed by the defendants.  For the reasons that follow, the motion is denied

in part and granted in part.

I.    **Standard of Review**

When considering a Rule 12(b) motion to dismiss, the court accepts as true all

factual allegations in the complaint and draws inferences from these allegations in the light

most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas

v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998).  Dismissal is warranted only if, under any

---

[1]  The Complaint named the following defendants: Commissioner John J. Armstrong;
Deputy Commissioner Peter Matos; Security Director Vincent Santopietro; Warden Larry Myers;
Captains Maurice Butler, William Faneuff, and Kim Weir; Lieutenants Robert Knapp and Joseph
Casey; medical administrator Patricia Wollenhaupt; medics Margaret Clark and Anna; Corrections
officers ("C.O.'s") St. John, Curtis, Warner, Cox, Smith and Maloney; and mental heath case worker
Irene Woolven.  All defendants were sued in their individual capacities.

set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief

can be granted.  See Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v.

Parsky, 140 F.3d 433, 440 (2d Cir. 1998).  "The issue [on a motion to dismiss] is not

whether a plaintiff is likely to prevail, but whether the [plaintiff] is entitled to offer evidence

to support the claims."  Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting

Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995).  In its review of a

motion to dismiss, the court may consider "only the facts alleged in the pleadings,

documents attached as exhibits or incorporated by reference in the pleadings and matters of

which judicial notice may be taken."  Samuels v. Air Transport Local 504, 992 F.2d 12, 15

(2d Cir. 1993).  In reviewing this motion, the court is mindful that the Second Circuit

"ordinarily require[s] the district courts to give substantial leeway to pro se litigants."

Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

## II.    Facts

The court accepts as true the following facts taken from the complaint.  On March

19, 2002, the plaintiff informed Captain Maurice Butler, a correctional officer responsible

for managing the plaintiff's unit, that his cellmate was threatening him.  The plaintiff asked

to be moved to another cell.  Captain Butler refused to move the plaintiff to another cell

and remarked that no one would be moved until there was a fight.  The plaintiff informed

mental health case worker Woolven of his fears concerning his cellmate.  Woolven indicated

that she would report the matter as an emergency.  Later that day, C.O. St. John informed

the plaintiff that no cell changes would be made that day but that he should speak to

Captain Butler the following morning.  The plaintiff handed St. John an emergency

grievance to submit to the second shift supervisors.  The plaintiff alleges St. John failed to

deliver the grievance.

On March 20, 2002, C.O.'s Curtis and Warner approached the plaintiff's cell and

asked him to put his hands through the slot in the cell door to be handcuffed to go to

recreation.  The plaintiff informed the officers that he did not want to be placed in

handcuffs first because he feared his cellmate would assault him.  The officers again gave the

plaintiff an order to submit his wrists for handcuffing.  The plaintiff complied with the

order.  After the handcuffs were applied, the plaintiff's cellmate assaulted him.  The plaintiff

alleges that Curtis and Warner told his cellmate to attack him and then stood by during the

assault, cheering on his cellmate.

After several minutes, Curtis and Warner told the plaintiff to put his hands in the

slot of the door to have the handcuffs removed.  After the plaintiff's handcuffs were

removed, Curtis and Warner told the plaintiff to fight back.  The plaintiff was unable to

fight back due to his injuries.  The plaintiff was beaten for several more minutes until a code

was called.  Captains Weir and Fanueff, Lieutenants Knapp and Casey, and Corrections

Officers Cox, Maloney, Smith and others arrived at the cell, but did not enter the cell

3

because the plaintiff's cellmate would not submit to be handcuffed. The plaintiff's cellmate continued to assault him until he surrendered himself to be handcuffed through the slot in the cell door. The plaintiff suffered multiple injuries and was examined by medics, Clark and Anna. The plaintiff contends that they acknowledged his injuries but refused to provide him treatment. The plaintiff filed numerous requests and grievances seeking medical treatment, but did not receive treatment as a result of these requests. The plaintiff further alleges that Wollenhaupt, a medical administrator, had the authority to have the plaintiff's injuries diagnosed and treated, but failed to do so.

The plaintiff alleges C.O.'s Curtis, Warner, Cox and Smith falsified documents regarding the assault and threatened the plaintiff not to tell the truth regarding the assault. The plaintiff received threats of bodily harm and death from the defendants. The plaintiff seeks monetary damages.

## III.   Discussion

The defendants raise two grounds in support of their motion to dismiss. The defendants argue that the plaintiff failed to exhaust completely his administrative remedies before commencing this action and that the plaintiff failed to allege the personal involvement of defendants Armstrong, Matos, Santopietro and Myers in the alleged assault.[2]

---

[2]  Director Levesque is mentioned in paragraph 5 of the Complaint, but not included as a named defendant in the case caption. To the extent Director Levesque could be considered a defendant, the court dismisses the claim against him for the reasons elaborated in Section III.(B)

4

A.    <u>Exhaustion of Administrative Remedies</u>

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides: "No action shall be brought with respect to prison conditions under [Section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).  The Supreme Court has also held that inmates must exhaust administrative remedies regardless of whether the inmate may obtain the specific form of relief he desires through the administrative process.  <u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  This requirement of complete exhaustion of administrative remedies must be satisfied before a federal action is commenced.  <u>See</u> <u>Neal v. Goord</u>, 267 F.3d 116, 122 (2d Cir. 2001) (holding that an inmate may not avoid the requirements of 42 U.S.C. § 1997e(a) by exhausting administrative remedies after filing a civil rights action in federal court).  The Second Circuit has recently held that the failure to exhaust administrative remedies is not jurisdictional (<u>see</u> <u>Richardson v. Goord</u>, 341 F.3d 431, 434 (2d Cir. 2003)), but is an affirmative defense that may be asserted by the defendants; <u>see</u> <u>Jenkins v. Haubert</u>, 179

_____

<u>infra</u>.

F.3d 19, 28-29 (2d Cir. 1999).

The plaintiff alleges that the day before the assault, he handed a grievance concerning his fears that his cellmate might harm him to C.O. St. John.  He claims that correctional officer St. John refused to submit his emergency grievance.  The plaintiff also alleges that after the assault, certain defendants ordered him not to tell the truth concerning the assault and also threatened to physically harm him if he divulged the truth.  The plaintiff also alleges that after the assault, he filed inmate requests and grievances but was denied medical care for several weeks.  He also claims that he continues to be provided with inadequate medical care.

Because the plaintiff was deterred from exhausting his remedies by the alleged threats of some of the defendants, the court cannot conclude that he will not be able to provide evidence that administrative remedies were unavailable with respect to his failure to protect claim.  In addition, the court cannot conclude that the plaintiff will not be able to provide evidence that he had fully exhausted his medical care claim or that the claim did not need to have been exhausted under the inmate grievance procedures in effect at the time.  In view of the Second Circuit's holding in Richardson v. Goord, and because the court must accept the plaintiff's allegations as true, the defendant's motion to dismiss is denied on the ground that the plaintiff failed to exhaust his administrative remedies.  The defendant may raise this argument in a motion for summary judgment.

**B.**    **Involvement of Defendants Armstrong, Matos, Santopietro and Myers**

The defendants contend that the plaintiff has failed to allege the personal

involvement of Commissioner Armstrong, Deputy Commissioner Matos, Security Director

Santopietro, and Warden Myers with respect to his claims of failure to protect and denial of

medical  treatment.  This court agrees.

It is settled law in this circuit that in a civil rights action for monetary damages

against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's

direct or personal involvement in the actions which are alleged to have caused the

constitutional deprivation.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

> The personal involvement of a supervisory defendant may be
> shown by evidence that:  (1) the defendant participated directly
> in the alleged constitutional violation, (2) the defendant, after
> being informed of the violation through a report or appeal,
> failed to remedy the wrong, (3) the defendant created a policy
> or custom under which unconstitutional practices occurred, or
> allowed the continuance of such a policy or custom, (4) the
> defendant was grossly negligent in supervising subordinates
> who committed the wrongful acts, or (5) the defendant
> exhibited deliberate indifference to the rights of inmates by
> failing to act on information indicating that unconstitutional
> acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  "A supervisor may not be held liable

under section 1983 merely because his subordinate committed a constitutional tort."

Leonard v. Poe, 282 F.3d 123, 140 (2d Cir. 2002).  Section 1983 imposes liability only on

the official causing the violation; thus, the doctrine of respondeat superior is inapplicable in section 1983 cases. See <u>Blyden v. Mancusi</u>, 186 F.3d 252, 264 (2d Cir. 1999).

Defendants Armstrong, Matos, Myers, and Santopietro are not mentioned in the complaint other than in the description of the parties. The plaintiff does not allege that defendants Armstrong, Matos, Myers, and Santopietro were involved in or aware of his complaints concerning his cellmate, the failure to protect him from assault by his cellmate, or the failure to provide adequate medical care after the assault. It is apparent that the plaintiff names these defendants because of their supervisory roles in the prison facility or within the Department of Correction. The mere fact that a defendant is a high ranking prison official is insufficient to demonstrate his liability. See <u>Hernandez v. Keane</u>, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*."); <u>Richardson</u>, 347 F.3d at 435 ("mere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim") (internal quotation marks omitted).

Because the plaintiff fails to allege facts demonstrating supervisory liability on the part of defendants Armstrong, Matos, Myers, and Santopietro the defendants' motion to dismiss is granted as to the claims against these defendants.

**<u>CONCLUSION</u>**

The defendants' Motion to Dismiss [**Dkt. No. 15**] is **DENIED** on the ground that the plaintiff failed to exhaust his administrative remedies, but **GRANTED** as to defendants Armstrong, Matos, Myers, and Santopietro on the ground that the plaintiff failed to allege their personal involvement in the failure to protect him from assault and failure to provide him with medical care.  If plaintiff can allege facts showing the personal involvement of defendants Armstrong, Matos, Myers or Santopietro, he may file an Amended Complaint. He must do so by December 21, 2003.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 10th day of December, 2003.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge