UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

## Amended Complaint

United States District Court
District of Connecticut
FILED AT
1/23/04
Kevin F. Rowe, Clerk
By: _____ Raima
Deputy Clerk

EDWARD NINES
   PLAINTIFF

PAGE 1 OF 13

V.

DATE 12-26-03

COMMISSIONER, JOHN J. ARMSTRONG
DEPT. COMMISSIONER, PETER MATOS
SECURITY DIRECTOR, VINCENT SANTOPIETRO
HEAD WARDEN, LARRY MYERS
CAPTAIN MAURICE BUTLER
CAPTAIN WILLIAM FANEUFF
CAPTAIN KIM WEIR
LIEUTENANT ROBERT KNAPP
LIEUTENANT JOSEPH CASEY
MEDICAL ADMINISTRATOR PAT WOLLENHAUPT
MEDIC MARGARET CLARK
MEDIC ANNA
OFFICER MS. ST. JOHN
OFFICER CURTIS
OFFICER WARNER
OFFICER COX
OFFICER SMITH
OFFICER MALONEY
MENTAL HEALTH CASEWORKER, IRENE WOOLVEN

DOCKET NO. 3:02CV1108
(JCH)(HBF)

(ALL DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL CAPACITY)

PAGE 2 OF 13

**PRELIMINARY STATEMENT:**

A) THIS IS A CIVIL RIGHTS ACTION ARISING UNDER 42 U.S.C. SEC. 1983, 1986 AND 1988 OF THE UNITED STATES CODES AND THE 8TH., AND 14TH. AMENDMENTS, ALLEGING PHYSICAL ASSAULT AND BATTERY AND MEDICAL NEGLECT. THE PLAINTIFF ALSO ALLEGES THE TORTS OF ASSAULT AND BATTERY AND NEGLIGENCE, INTENTIONAL INFLICTED EMOTIONAL DISTRESS AND THREATS.

B) THE PLAINTIFF HAS NOT BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION.

## COUNT ONE:

**JURISDICTION:**

1.) THE COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIM OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. SEC. 1331(a), 1343, 2201, 2202 AND THE AFOREMENTIONED STATUTORY AND CONSTITUTION PROVISIONS.

2.) THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S STATE LAW TORT CLAIMS UNDER 28 U.S.C. SEC. 1367.

**PARTIES:**

3.) THE PLAINTIFF, EDWARD C. VINES IS A UNITED STATES CITIZEN INCARCERATED AT NORTHERN CORRECTIONAL INSTITUTION ("THE SUPER MAX") DURING THE EVENTS DESCRIBE IN THIS COMPLAINT.

4.) THIS ACTION IS TO RECOVER FOR DAMAGES SUFFERED BY THE PLAINTIFF WHILE INCARCERATED AT THE STATE FACILITY KNOWN AS NORTHERN CORRECTIONAL INSTITUTION.

5.) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANT COMMISSIONER ARMSTRONG WAS RESPONSIBLE FOR THE TRAINING, SUPERVISION AND DISCIPLINE OF THE FOLLOWING DEFENDANTS: DEPUTY COMMISSIONER MATOS, DIRECTOR SANTOPIETRO, DIRECTOR LEVESQUE, WARDEN MYERS, CAPTAIN BUTHER, CAPTAIN FANUFFF, CAPTAIN WEIR, LT. KNAPP, LT. CASEY, MED. ADMINISTRATOR WOLLENHAUPT, MEDIC CLARK, MEDIC ANNA, C/O MS. ST. JOHN, C/O CURTIS, C/O WARNER, C/O COX, C/O SMITH, C/O MAHONY AND CASEWORKER WOOWEN.

6.) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANT DEPUTY COMMISSIONER MATOS WAS RESPONSIBLE FOR THE TRAINING, SUPERVISION, AND

DISCIPLINE OF THE FOLLOWING DEFENDANTS: DIRECTOR SANTOPIETRO, DIRECTOR LEVESQUE, WARDEN MYERS, CAPT. BUTLER, CAPT. FANUFF, CAPT. WEIR, LT. KNAPP, LT. CASEY MED. ADMINISTRATOR WOLLENHAUPT, MEDIC CLARK, MEDIC ANNA, C/O MS. ST. JOHN, C/O CURTIS, C/O WARNER, C/O COX, C/O SMITH, C/O MAHONEY, AND CASEWORKER WOOWEN

7.) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANT DIRECTOR SANTOPIETRO WAS THE DIRECTOR OF SECURITY DIVISION FOR THE CONNECTICUT STATE DEPARTMENT OF CORRECTION, WHO IS RESPONSIBLE FOR INSURING THE SAFETY AND PROTECTION OF PRISONERS, WHILE BEING HOUSED IN A SAFE AND HUMANE ENVIRONMENT

8.) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANT WARDEN MYER WAS RESPONSIBLE FOR THE TRAINING, SUPERVISION AND DISCIPLINE OF THE FOLLOWING DEFENDANTS: MED. ADMINISTRATOR WOLLENHAUPT, MEDIC MARGARET CLARK, MEDIC ANNA CAPT. BUTLER, CAPT. FANUFF, CAPT. WEIR, LT. KNAPP, LT. CASEY, C/O MS. ST. JOHN, C/O CURTIS, C/O WARNER, C/O COX, C/O SMITH, C/O MAHONEY, AND CASEWORKER WOOWEN.

9.) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANT MED. ADMINISTRATOR WOLLENHAUPT WAS THE MEDICAL ADMINISTRATOR OF NORTHERN CORRECTIONAL INSTITUTION AND IS GENERALLY RESPONSIBLE FOR INSURING THE PROVISION OF MEDICAL CARE TO PRISONERS AT THE FACILITY, AND WAS RESPONSIBLE FOR THE TRAINING, SUPERVISION AND DISCIPLINE OF THE FOLLOWING DEFENDANTS: MEDIC MARGARET CLARK AND MEDIC ANNA.

10.) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANT CASEWORKER IRENE WOOWEN WAS A MENTAL HEALTH CASE WORKER AT THE NORTHERN CORRECTIONAL INSTITUTION.

11.) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANT(S) CAPT. BUTLER CAPT. FANUFF, AND CAPT. WEIR WERE RESPONSIBLE FOR THE TRAINING, SUPERVISION AND DISCIPLINE OF THE FOLLOWING DEFENDANTS: LT. KNAPP, LT. CASEY, C/O MS. ST. JOHN C/O CURTIS, C/O WARNER, C/O COX, C/O SMITH AND C/O MAHONEY

12.) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANT(S) LT. KNAPP AND LT. CASEY WERE RESPONSIBLE FOR THE TRAINING, SUPERVISION AND DISCIPLINE OF THE FOLLOWING DEFENDANTS: C/O MS. ST. JOHN, C/O CURTIS C/O WARNER, C/O COX, C/O SMITH AND C/O MAHONEY

PAGE 4 OF 13

13) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANTS COMMISSIONER JOHN J. ARMSTRONG (COMMISSIONER ARMSTRONG), DEPUTY COMMISSIONER PETER MATOS (DEPT. COMM. MATOS), SECURITY DIRECTOR VICENT SANTOPIETRO (DIRECTOR SANTOPIETRO), LEAD WARDEN LARRY MYERS (WARDEN MYERS), MEDICAL ADMINISTRATOR PAT WOLLENHAUPT (MED. ADMINISTRATOR WOLLENHAUPT), MEDIC MARGARET CLARK (MEDIC CLARK), MEDIC ANNA, CAPTAIN MAURICE BUTLER (CAPT. BUTLER), CAPTAIN WILLIAM FANUEFF (CAPT. FANUEFF), CAPTAIN KIM WEIR (CAPT. WEIR), LIEUTENANT ROBERT KNAPP (LT. KNAPP), LIEUTENANT JOSEPH CASEY (LT. CASEY), OFFICER MS. ST. JOHN (C/O MS. ST. JOHN), OFFICER CURTIS (C/O CURTIS), OFFICER WARNER (C/O WARNER), OFFICER COX (C/O CLARK), OFFICER SMITH (C/O SMITH), OFFICER MAHONEY (C/O MAHONEY) AND MENTAL HEALTH CASE WORKER IRENE WOOWEN (CASE WORKER WOOWEN), WERE DULY APPOINTED EMPLOYEES OF THE DEPARTMENT OF CORRECTIONS FOR THE STATE OF CONNECTICUT, ACTING IN THIER INDIVIDUAL CAPACITIES. ALL DEFENDANTS ARE BEING SUED IN THIER INDIVIDUAL CAPACITIES.

14) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, ALL THE DEFENDANTS ACTED UNDER COLOR OF LAW, THAT IS UNDER COLOR OF THE CONSTITUTION, STATUTES, LAWS, RULES, REGULATIONS, CUSTOMS AND USAGES OF THE STATE OF CONNECTICUT AND THE UNITED STATES.

15) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANT COMMISSIONER ARMSTRONG PROMULGATED OFFICIAL RULES UNDER THE COLOR OF LAW GOVERNING THE CONDUCT AND BEHAVIOR OF ALL WARDENS AND EMPLOYEES OF THE DEPARTMENT OF CORRECTIONS, INCLUDING THE NAMED DEFENDANTS AS IT RELATES TO PROTECTING PRISONERS FROM ABUSE BY DEPARTMENT OF CORRECTIONS (OFFICIALS) AND INMATES.

16) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANT - EACH OF THE SEPERATE AND IN CONCERT - ACTED JOINTLY, WILLFULLY AND IN CONSPIRACY WITH EACHOTHER, AND EACH DEFENDANT AIDED AND ABBETTED THE OTHERS IN CARRYING OUT THE ACTS AND OMMISSIONS DESCRIBED HEREIN, AND THEREBY DEPRIVED THE PLAINTIFF OF HIS RIGHTS SECURED TO HIM BY THE 8TH. AND 14TH. AMENDANTS TO THE CONSTITUTION OF THE UNITED STATES.

17) DURING ALL TIMES MENTIONED IN THIS COMPLAINT, THE DEFENDANTS ACTED WILLFULLY, JOINTLY, IN CONSPIRACY AND IN CONCERT WITH EACH OTHER. EACH DEFENDANT HAD THE DUTY AND OPPURTUNITY TO PROTECT THE PLAINTIFF FROM THE UNLAWFUL ACTIONS OF THE DEFENDANTS, BUT EACH DEFENDANT(S) FAILED TO PERFORM SUCH

DUTIES, THEREBY PROXIMATELY CAUSING THE PLAINTIFF'S INJURIES.

18) DURING TIMES MENTIONED IN THIS COMPLAINT, UPON INFORMATION AND BELIEF, EACH DEFENDANT WAS ON DUTY AT THE IMPLIED JUNCTURE(S).

FACTS:

19) ON MARCH 19, 2002 AT APPROXIMATELY 8:30 AM THE PLAINTIFF INFORMED THE DEFENDANT, CAPT. BUTLER, THAT HE (THE PLAINTIFF) WAS BEING THREATENED BY HIS THEN CELL PARTNER (INMATE WILLIAM RAMOS #222333) AND PLEADED TO BE MOVED TO ANOTHER CELL, BECAUSE HE (THE PLAINTIFF) WAS IN FEAR FOR HIS LIFE AND SAFETY.

20) DEFENDANT, CAPT. BUTLER, NEGLECTED TO PROTECT THE PLAINTIFF FROM HARM AND INJURY BY DENYING HIM A CELL CHANGE, DUE TO "A LACK OF CELL SPACE".

21) DEFENDANT, CAPT. BUTLER, MALICIOUSLY AND INTENTIONALLY - WITH DELIBERATE INDIFFERENCE - SOUGHT TO HAVE THE PLAINTIFF ASSAULTED BY INMATE WILLIAM RAMOS #222333 (I/M RAMOS) BY STATING, "NO ONE WOULD BE MOVED UNLESS THERE WAS FIRST A FIGHT IN THE CELL."

22) AT APPROXIMATELY 7:45 PM THE PLAINTIFF SPOKE TO THE DEFENDANT, CASE WORKER WOOLVEN, AND INFORMED HER THAT HE FEARED FOR HIS LIFE AND SAFETY, AND PLEAD TO BE SEPERATED FROM I/M RAMOS.

23) DEFENDANT, CASE WORKER WOOLVEN, APPEARED TO BE CONCERNED FOR THE PLAINTIFF'S SAFETY AND ENSURED THE PLAINTIFF THAT SHE WOULD REPORT THE MATTER AS BEING AN EMERGENCY.

24) AT APPROXIMATELY 8:00 PM DEFENDANT, C/O MS. ST. JOHN, APPROACHED THE CELL OF BOTH THE PLAINTIFF AND I/M RAMOS, AND STATED "NO CELL CHANGES WERE GOING TO BE MADE ON SECOND SHIFT." THAT BOTH INMATES WERE GOING TO HAVE TO WAIT AND SPEAK TO THE UNIT MANAGER (DEFENDANT CAPT. BUTLER) THE NEXT DAY (WEDNESDAY 3-20-02)

25) THE PLAINTIFF HANDED THE DEFENDANT, C/O MS. ST. JOHN, AN INMATE "EMERGENCY GRIEVANCE TO SUBMIT TO THE SECOND SHIFT SUPERVISOR(S), STATING THAT HE (THE PLAINTIFF) FEARED FOR HIS LIFE AND SAFETY AND WANTED TO BE MOVED IMMEDIATELY.

26) Defendant, C/O Ms. St. John, maliciously and intentionally - with deliberate indifference - neglected her duty to protect the plaintiff from harm and injury, by making a personal decision "not" to submit the plaintiff's emergency grievance to the second shift supervisor(s).

27) The defendant(s) were forewarned of the plaintiff's high risk of being assaulted, but made personal judgments - with deliberate indifference - and neglected to protect him (the plaintiff) from harm and injury.

28) On March 20, 2002 at approximately 8:35 am, the defendant(s) C/O Curtis and C/O Warner approached the plaintiff's cell to retrieve him for recreation.

29) The defendant(s), C/O Curtis and C/O Warner, were informed at this time by the plaintiff that he (the plaintiff) was in fear for his life and did not feel safe "cuffing up" (handcuffed behind the back) while in the cell with I/M Ramos.

30) The policy at Northern Correctional Institution ("Super Max") is that all A.S. Phase One prisoners are to be handcuffed - behind the back - through the "trap slot" on the cell door, before the prisoner's cell door is opened.

31) The plaintiff stated to the defendant(s) C/O Curtis and C/O Warner that he did not wish to be placed in restraints first, because he (the plaintiff) was being threatened by his then cell partner and was in fear for his life and safety.

32) The defendant(s) C/O Curtis and C/O Warner - with deliberate indifference - made a personal judgment, telling the plaintiff "nothing is going to happen to you", and gave him (the plaintiff) a direct order to "cuff up".

33) The plaintiff - against his own wishes - abided to the defendant(s) direct order and was placed in restraints (handcuffed behind the back) through the "trap slot" by defendant(s) C/O Curtis.

34) The defendant(s) C/O Curtis and C/O Warner conspired with I/M Ramos, by telling him (I/M Ramos) to assault the plaintiff, after the plaintiff had been placed in restraints by the defendant(s).

PAGE 7 OF 13

35) WILLIAM RAMOS # 222333 (I/M RAMOS) IS KNOWN BY THE DEFENDANT(S) AS AN ASSAULTIVE VIOLENT PRISONER, WHO IS HISPANIC, AND WAS TRANSFERED TO "THE SUPER MAX" FOR ASSAULTING AND CUTTING A (BLACK) PRISONER WITH A RAZOR WHILE BEING HOUSED AT THE STATE FACILITY KNOWN AS GARNER CORRECTIONAL INSTITUTION.

36) THE DEFENDANT(S) NEGLECTED TO PROTECT THE PLAINTIFF FROM BEING ASSAULTED BY I/M RAMOS, WHO IS ALSO KNOWN BY THE DEFENDANT(S) AS A MENTALLY DISTURBED PRISONER WHO IS BEING TREATED WITH A MENTAL HEALTH MEDICATION (SINAQUAN).

37) THE PLAINTIFF WAS ATTACKED AND BRUTALLY ASSAULTED WHILE IN RESTRAINTS (HANDCUFFED BEHIND THE BACK) BY I/M RAMOS, WHO WAS WITHOUT RESTRAINTS AND HAD BEEN TOLD TO DO SO BY THE DEFENDANT(S) C/O CURTIS AND C/O WARNER.

38) THE DEFENDANT(S) C/O CURTIS, C/O WARNER AND C/O COX - WITH DELIBERATE INDIFFERENCE - DELIBERATELY AND INTENTIONALLY NEGLECT THIER DUTY TO PROTECT THE PLAINTIFF FROM HARM AND INJURY, WHILE THEY IDLE STOOD BY WATCHING FROM OUTSIDE THE SECURED CELL DOOR - ROOTING AND CHEERING - AS I/M RAMOS ATTACKED AND BRUTALLY ASSAULTED THE PLAINTIFF.

39) THE PLAINTIFF - AFTER SEVERAL MINUTES OF BEING KICKED AND PUNCHED IN THE HEAD AND UPPER TORSO BY I/M RAMOS - WAS TOLD BY THE DEFENDANT(S) C/O CURTIS, C/O WARNER, AND C/O COX TO BACK UP TO THE "TRAP SLOT" AND STICK HIS HANDS OUT.

40) THE PLAINTIFF FELL BACK AGAINST THE CELL DOOR AND MANAGED TO STICK HIS HANDS OUT THE "TRAP SLOT", WHERE THE HANDCUFFS WERE THEN REMOVED FROM THE PLAINTIFF'S WRIST.

41) THE DEFENDANT(S) C/O CURTIS, C/O WARNER, AND C/O COX URGED THE PLAINTIFF TO "FIGHT THE (RICAN) BACK", AFTER THE HANDCUFFS HAD BEEN REMOVED FROM THE PLAINTIFF.

42) PRIOR TO THE PLAINTIFF'S HANDCUFFS BEING REMOVED, HE HAD BEEN DELIVERED SEVERAL SHARP BLOWS TO THE TEMPLE AND FOREHEAD AREA BY I/M RAMOS THAT KNOCKED THE PLAINTIFF NEAR UNCONCIOUS.

PAGE 8 OF 13

43) THE DEFENDANT(S) C/O CURTIS, C/O WARNER, AND C/O COX ORDERED THE PLAINTIFF BACK, BUT THE PLAINTIFF WAS MERELY ONLY ABLE TO CRY OUT AND PLEAD FOR STAFF TO HELP AND/OR SAVE HIM FROM THE BRUTAL ASSAULT.

44) THE PLAINTIFF WAS BRUTALLY BEATEN FOR SEVERAL MORE MINUTES BEFORE A CODE WAS CALLED WHERE DEFENDANTS CAPTAIN WEIR, CAPTAIN FANUEFF, LT. KNAPP, LT. CASEY, AND SEVERAL OTHER OFFICERS APPROACHED THE CELL DOOR.

45) IT IS NORTHERN C.I. POLICY NOT TO OPEN ANY CELL DOORS IN A.S. PHASE ONE WITHOUT BOTH INMATES ASSIGNED TO THE CELL, FIRST BEING SECURED IN HAND CUFFS APPLIED BEHIND THIER BACK THROUGH THE "TRAP SLOT" ON THE CELL DOOR.

46) DEFENDANT C/O MALONEY WAS WORKING THE CONTROL BOOTH AND DID NOT OPEN THE CELL DOOR TO ALLOW OFFICERS TO ENTER THE CELL AND END THE ATTACK ON THE PLAINTIFF, DUE TO I/M RAMOS REFUSING TO BE SECURED IN HAND CUFFS.

47) THE PLAINTIFF WAS FURTHER ASSAULTED AND BRUTALLY BEATEN BY I/M RAMOS WHILE DEFENDANT(S) CAPTAIN WEIR, CAPTAIN FANUEFF, LT. KNAPP, LT. CASEY, C/O CURTIS, C/O WARNER, C/O COX, C/O MALONEY, C/O SMITH AND OTHERS STOOD IDLE BY OBSERVING.

48) THE ASSAULT AND BRUTAL BEATING OF THE PLAINTIFF WAS NOT ENDED UNTIL I/M RAMOS GREW TIRED OF STRIKING THE PLAINTIFF, AND SURRENDERED HIMSELF TO BE HANDCUFFED THROUGH THE "TRAP SLOT", BY THE DEFENDANT(S).

49) THE PLAINTIFF SUFFERED TWO LARGE LUMP SIZE BRUISES TO THE LEFT TEMPLE AND FOREHEAD CAUSING HIM BLURRINESS AND LOSS OF VISION. HE SUFFERS CHRONIC HEADACHES, SHARP UPPER BACK AND NECK PAINS AND CRAMP LIKE SPASMS, ALONG WITH SEVERAL OTHER BUMPS AND BRUISES TO VARIOUS PARTS OF HIS UPPER TORSO FROM HIS BEING ASSAULTED BY I/M RAMOS.

50) ON MARCH 20, 2002 AT APPROXIMATELY 9:00 A.M. THE PLAINTIFF - WHO WAS A VICTIM OF ASSAULT - WAS SEEN BY NORTHERN C.I. MEDICAL PERSONNEL MARGARET CLARK AND MEDIC ANNA FOR HIS INJURIES.

Page 9 of 13

51) Defendant(s) Medic Clark and Medic Anna acknowledged the Plaintiffs head injuries but denied the Plaintiff medical treatment.

52) The Defendant(s) Medic Clark and Medic Anna - with deliberate indifference - denied the Plaintiff adequate medical treatment which caused him additional pain and suffering.

53) The Plaintiff filed numerous inmate request and medical grievances, but was denied medical care for several weeks, and is still being neglected adequate medical attention.

54) Defendant Pat Wollenhaupt is the medical administrator at Northern C.I., and is authorized with the authority to have had the Plaintiff properly diagnosed and treated for his injuries, but did not do so. Therefore, denying and neglecting the Plaintiff of adequate medical treatment.

55) On March 20, 2002 Defendant(s) C/O Curtis, C/O Warner, C/O Cox and C/O Smith conspired to falsify documents and/or statements as to the truth of the Plaintiff's assault that occurred earlier that day.

56) The Plaintiff was threatened and ordered by Defendant(s) C/O Curtis, C/O Warner, C/O Cox and C/O Smith not to tell the truth of what actually took place, and ordered to comply with thier falsified story.

57) The Plaintiff has further received threats of bodily harm, and even death threats from the Defendants and thier conspirators.

58) The Plaintiff sustained the following injuries: blurriness and/or loss of vision in his left eye, (which still persist), chronic headaches (which still persist), pain and swelling, as well as sharp upper back and neck pains and cramp like spasms (which still persist).

59) As a direct and proximate result of the Defendants deliberate indifference, as above stated, Mr. Vines, the Plaintiff, suffered sever injuries some or all of which may be permanent.

Page 10 of 13

60) Defendant John J. Armstrong is the Commissioner of the Connecticut Department of Corrections, and is responsible for the issuing of the handcuff policy of Phase one inmates at Northern C.F. (See paragraph #30 of this amended complaint).

61) The defendant Armstrong's policy of handcuffing inmates behind the back created a "high risk" situation which took part in the cause of the plaintiff being viciously assaulted by his cell partner.

62) Defendant Vincent Santopietro is the security director for the Connecticut department of Corrections, and is responsible for the security clearance to house two Level 5 violent and assaultive inmates together in the same cell at northern C.F. - the state's super maxim security prison.

63) The defendant Santopietro's security clearance created a breech in the security of the prison and - with deliberate indifference - the safety of the safety of the inmates at northern C.F., which assisted in the "high risk" and cause that led to the plaintiff's assault and injuries.

64) Defendant Larry Myers was the lead warden of northern C.F. at all times mentioned in this amended complaint, and was responsible for the proper and effective administration of the prison.

65) The defendant Myers - with deliberate indifference - neglected the high probability of an inmate assault, due to two Level 5 violent and assaultive inmates being housed in the same cell together, and in fact had [prior] knowledge of [numerous] inmates being assaulted by their cell partners after having been handcuffed, by correction officers, behind the back while still secured

in a cell with his "un-restrained" cell partner. Such neglect was a deliberate, cruel and unusual punishment inflicted upon the plaintiff by the defendant(s).

66) The same claims of defendants Armstrong, Santopietro and Myers are moot as to defendant Peter Matos who is the Dept. commissioner of corrections.

67) IN THE MANNER DESCRIBED IN THIS COMPLAINT THE DEFENDANT AND EACH OF THEM SEPERATELY AND IN CONCERT, DEPRIVED THE PLAINTIFF OF HIS RIGHTS TO BE FREE FROM EMOTIONAL DISTRESS, PHYSICAL ASSAULT, THREATS (BY PRISON OFFICIALS), AND CRUEL AND UNUSUAL PUNISHMENT AND FREE FROM CONSPIRACY TO DEPRIVE THE PLAINTIFF OF HIS CIVIL RIGHTS AND ADEQUATE MEDICAL TREATMENT. ALL OF THESE RIGHTS ARE SECURED TO THE PLAINTIFF BY PROVISIONS OF THE EIGTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND BY TITLE 42 U.S.C SECTION 1983.

Page 12 of 13

## COUNT TWO

THE PLAINTIFF, EDWARD C. VINES, FURTHER SAYS:

1) PURSUANT TO THE PROVISION OF 28 U.S.C SEC. 1367, THE SUPPLEMENTAL JURISDICTION OF THIS COURT IS INVOKED AS TO THE CLAIMS OF WHICH ARISE UNDER STATUTES, AND COMMON LAW OF THE STATE OF CONNECTICUT.

2) THIS IS AN ACTION FOR MONEY DAMAGES TO REDRESS THE DEPRIVATION BY THE DEFENDANTS OF RIGHTS SECURED TO THE PLAINTIFF BY THE STATE OF CONNECTICUT. THE CO-DEFENDANTS CORRECTIONAL EMPLOYEES AND OFFICERS WITH THE ASSISTANCE COMPLICITY AND IN CONSPIRACY WITH EACH OTHER SUBJECTED THE PLAINTIFF TO ASSAULT AND BATTERY BY ALL NAMED DEFENDANTS IN THIS COMPLAINT.

3-60) PARAGRAPHS ONE (1) THROUGH SIXTY (60) OF COUNT ONE ARE HEREBY INCORPORATED AS PARAGRAPH 3-60 OF COUNT TWO

61) IN THE MANNER DESCRIBED ABOVE, THE DEFENDANTS FURTHER COMMITTED THE TORT OF ASSAULT AND BATTERY IN THAT THEY INTENTIONALLY AND/OR RECKLESSLY CAUSED THE PLAINTIFF SEVERE PHYSICAL INJURIES BY THIER EXTREME AND OUTRAGEOUS CONDUCT AS DESCRIBED ABOVE. THE ACTS AND OMMISSIONS OF THE DEFENDANTS, AS OUTLINED ABOVE WERE PROXIMATE CAUSE OF DAMAGES TO THE PLAINTIFF AS SET OUT IN PARAGRAPHS ONE (1) THROUGH Sixtyseven (67) IN COUNT ONE AS ABOVE. THEREFORE, THE PLAINTIFF IS ENTITLED TO RELIEF UNDER THE LAWS OF CONNECTICUT AND PROVISIONS OF WHICH ARE INVOK UNDER THIS COURTS SUPPLEMENTAL JURISDICTION. WHEREFORE, THE PLAINTIFF CLAIMS JUDGMENT AGAINST THE DEFENDANTS AND AGAINST EACH OF THEM

JOINTLY AND SEVERALLY AS FOLLOWS:                                   PAGE 13 OF 13

    A. COMPENSATORY DAMAGES
    B. PUNITIVE DAMAGES
    C. ATTORNEY FEES AND COST OF THIS ACTION
    D. SUCH OTHER RELIEF AS THIS COURT SHALL CONSIDER TO BE FAIR AND EQUITABLE.
    E. SUCH DECLARATORY RELIEF AS THIS COURT SHALL CONSIDER TO BE FAIR AND EQUITABLE.

62) THE PLAINTIFF DEMANDS A TRIAL BY JURY

DATE: 12-26-03

EDWARD C. VINES, PRO SE
PLAINTIFF

*Edward Vines*
EDWARD C. VINES #181047
NORTHERN C.I.
P.O. BOX 665
SOMERS, CT 06071

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 12-26-03

*Edward Vines*
PLAINTIFF

## Certificate of Service

I hereby certify that a copy of the foregoing was mailed on this 26th day of December 2003, to: Michael J. Lanoue
Asst. Attorney General
110 Sherman St
Hartford, CT. 06105

*Edward Vines*
Edward Vines