UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD VINES | PRISONER |
| | : CIVIL NO. 3:02CV1108 (JCH)(HBF) |
| v. | : |
| JOHN ARMSTRONG, ET AL. | : MARCH 12, 2004 |

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

The defendants respectfully answer the plaintiff's Amended Complaint as follows:

1. Plaintiff's preliminary statement is denied.

2. Paragraph one (1) is admitted.

3. Paragraph two (2) is denied.

4. Paragraph three (3) is admitted.

5. Paragraph four (4) is denied.

6. Paragraph five (5) is admitted insofar as it alleges that defendant Armstrong, as the head of a State agency, was ultimately in charge of all personnel within the Department of Correction. Said paragraph is also admitted insofar as said paragraph alleges overall and ultimate responsibility to supervision, training and discipline of the defendants. Said paragraph is otherwise denied.

7. Paragraph six (6) is denied except insofar as it alleges defendant Matos had general supervisory authority over defendants Santopietro, Director Levesque, Warden Myers, Captain Butler, Captain Faneuff, Captain Weir, Lieutenant Knapp and Lieutenant Casey.

8. Paragraph seven (7) is admitted insofar as it alleges a general duty to protect inmates and to have them in a humane environment. Said paragraph is otherwise denied.

9. Paragraph eight (8) is admitted insofar as it alleges general supervision and some disciplinary responsibility as these responsibilities relate to the correctional defendants. Said paragraph is otherwise denied.

10. Paragraph nine (9) is denied.

11. Paragraph ten (10) is admitted.

12. Paragraph eleven (11) is admitted insofar as it alleges Captain Butler, Captain Faneuff and Captain Weir had some training, supervision and discipline responsibilities as to defendants Knapp, Casey, Curtis, St. John, Warner, Cox, Smith and Maloney. The remainder of said paragraph is denied.

13. Paragraph twelve (12) is admitted insofar as it alleges defendants Knapp and Casey had some training, supervision and discipline responsibilities for defendants St. John, Curtis, Warner, Cox, Smith and Maloney.

14. So much of paragraph thirteen (13) which alleges defendants Wollenhaupt, Medic Anna, Medic Clark and Wooven were employees of the Department of Correction is denied. The remainder of said paragraph is admitted.

15. Paragraphs fourteen (14) and fifteen (15) are admitted.

16. Paragraphs sixteen (16) and seventeen (17) are denied.

17. To the extent paragraph eighteen (18) refers to specific times and defendants, said paragraph is admitted. Defendants have insufficient knowledge to form a belief as to the remainder of said allegations and, therefore, leave the plaintiff to his burden of proof.

18. Paragraphs nineteen (19), twenty (20) and twenty-one (21) are denied.

19. So much of paragraphs twenty-two (22) and twenty-three (23) which allege that the plaintiff at some point voiced some concern about his cellmate to defendant Wooven is admitted. Defendant Wooven has insufficient memory or knowledge of the remaining allegations to form a belief and, therefore, leaves the plaintiff to his burden of proof.

20. Paragraphs twenty-four (24), twenty-five (25), twenty-six (26) and twenty-seven (27) are denied.

21. Paragraph twenty-eight (28) is admitted.

22. Paragraph twenty-nine (29) is denied.

23. Paragraph thirty (30) is admitted.

24. Paragraphs thirty-one (31) and thirty-two (32) are denied.

25. So much of paragraph thirty-three (33) which alleges the plaintiff was restrained is admitted. Defendants have insufficient knowledge of the remaining allegations and, therefore, leave the plaintiff to his burden of proof.

26. Paragraph thirty-four (34)

27. Paragraph thirty-five (35) is admitted.

28. So much of paragraph thirty-six (36) which alleges that the defendants failed to protect the plaintiff is denied. The defendants have insufficient knowledge of the remaining allegations and, therefore, leave the plaintiff to his burden of proof.

29. So much of paragraph thirty-seven (37) which alleges the plaintiff was restrained and it appeared that inmate Rios assaulted him is admitted. The remainder of said paragraph is denied.

30. Paragraph thirty-eight (38) is denied.

31. So much of paragraph thirty-nine (39) which alleges the plaintiff was told to put his hands through the trap door is admitted. The remainder of said paragraph is denied.

32. Paragraph forty (40) is admitted.

33. Paragraphs forty-one (41) through forty-four (44) are denied.

34. To the extent paragraph forty-five (45) can be read to refer to some circumstances, said paragraph is admitted. To the extent said paragraph alleges such policy in all circumstances, such allegation is denied.

35. Paragraphs forty-six (46) through forty-nine (49) are denied.

36. So much of paragraph fifty (50) which alleges that the defendant was seen by defendant Clark is admitted. The defendants have insufficient knowledge of the remaining allegations and, therefore, leave the plaintiff to his burden of proof.

37. So much of paragraph fifty-one (51) which alleges or can be read to allege a contusion to the left forehead is admitted. In all other respects, said paragraph is denied.

38. Paragraphs fifty-two (52), fifty-three (53) and fifty-four (54) are denied.

39. Paragraphs fifty-five (55) through fifty-nine (59) are denied.

40. So much of paragraph sixty (60) which alleges John Armstrong was Commissioner of the Connecticut Department of Correction and responsible for the handcuffing policy is admitted. In all other respects, said paragraph is denied.

41. Paragraph sixty-one (61) is denied.

42. So much of paragraph sixty-two (62) which alleges defendant Santopietro was security director is admitted. The remainder of said paragraph is denied.

43. Paragraph sixty-three (63) is denied.

44. Paragraph sixty-four (64) is admitted.

45. Paragraph sixty-five (65) is denied.

46. Paragraph sixty-six (66) is admitted insofar as it alleges the plaintiff's claims do not apply to defendant Matos and denied in all other respects.

47. Paragraph sixty-seven (67) is denied.

**Count Two**

48. Paragraphs one (1) and two (2) of Count Two are denied.

49. Defendants incorporate their answers to paragraphs one (1) through (60) of Count One as their answers to corresponding paragraphs of Count Two.

50. Paragraph sixty-one (61) of Count Two is denied.

## FIRST AFFIRMATIVE DEFENSE

At all times mentioned in this lawsuit, the defendants acted within the scope of their duties as officers/employees of the State of Connecticut and acted with a good faith belief that their actions were lawful and, therefore, they are entitled to qualified immunity from monetary damages.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the principles of res judicata and collateral estoppel.

## THIRD AFFIRMVATIVE DEFENSE

The defendants are entitled to immunity pursuant to Conn. Gen. Stat. § 4-165 to the plaintiff's State law claims.

5

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Michael J. Lanoue
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05195
E-Mail: michael.lanoue@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 12th day of March 2004:

Edward Vines #181047
Northern Correctional Institution
P.O. Box 665
Somers, CT 06071

_____
Michael J. Lanoue
Assistant Attorney General

6