United States District Court
District of Connecticut

Edward Vines
v.
John Armstrong, ET AL.

Prisoner
Civil No. 3:02CV1108(JCH)(HBF)

Date: 8-12-04

## Motion in Opposition of Defendent's Motion for Summary Judgment

The Plaintiff moves to oppose the Defendent's motion for Summary Judgment, in that it not be granted by the court for the reasons more fully set forth in the accompanying Memorandum of Law, filed herewith.

x _Edward Vines_
Edward Vines #181047
MacDougall C.I.
1153 east street south
Suffield, Ct. 06080

### Certification

I hereby certify that a copy of the foregoing was mailed on this 12th day of August 2004, to: Michael J. Lanoue Asst. Attorney General 110 Sherman St. Hartford, Ct. 06105

x _Edward Vines_

United States District Court
District of Connecticut

Edward Vines
   V.
John Armstrong, ET AL.

Prisoner
Civil No. 3:02CV1108(JCH)(HBF)

Date: 8-12-04

## Memorandum of Law in Opposition of Defendants motion for Summary Judgment

The Plaintiff is a state prisoner confined within the Connecticut state prison system in Connecticut. He filed this *pro se* civil rights action pursuant to 28 U.S.C. §§ 1915, alleging that the defendants instigated his attack and failed to protect him from assault by his cellmate, that he was threaten and harrassed by defendants and denied adequate medical treatment.

### Standard of Review

Summary Judgment is to be granted only if the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. A "material" fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, inc. 477 U.S. 242, 248 (1986).

The above caption complaint alleges that the plaintiff was assaulted, conspired against, threaten, harrassed and neglected of medical treatment on and/or around March 19, 2002.

On June 25, 2002 the Pro Se civil rights action herein, pursuant to 28 U.S.C. §1915, was filed with this U.S. District Courthouse. Wherefore giving this court jurisdiction over said claims.

On July 30, 2001 (prior to the alleged incidents in this matter) the plaintiff filed a petition for writ of Habeas Corpus with the state superior court challenging the illegal detention of his confinement to Administrative Segregation at Northern Correctional.

Due to the plaintiff's lack in Law and of the legal system, said Petition for writ of Habeas Corpus had to be Amended three (3) times (August 30, 2001 - 9-18-02 and 10-22-02) see Defendant's Exhibit B

On December 10, 2003 (Prior to the February 24, 2004 memorandum of decision from the state superior court) this U.S. District Courthouse ruled against the defendants (Ruling on motion to Dismiss [DKT. No. 15]) denying their claims and motion to dismiss. Hence, this court does have jurisdiction over the plaintiff's civil claims, in that this court found basis in making the first ruling in regard to said claims.

The court's ruling on motion to dismiss dated December 10, 2003 substantiates that there are genuine issues of material facts to be disputed. Wherefore in accordance to Rule 56(c), Fed. R. Civ. P. Summary Judgment can not be granted in good faith.

Collateral Estoppel And Res Judicata do not apply to the formentioned Claims

Do to the plaintiff's lack in knowledge of the law and the legal system, the plaintiff - in his state habeas - entered a request for Legal representation/public defender that was denied by the state superior court. See paragraph 3 of plaintiff's Exhibit 1. Lack of competent representation may violate the requirement for collateral estoppel. see, Cerbone v. County of Westchester, 508 F. Supp. 780, 785 (S.D.N.Y. 1981)

The Plaintiff was limited in his habeas Petition before the state Superior court in that he was restricted to being allowed only two(2) "Non state employeed" witnesses on his behalf. See, Bailey V. Andrews, 811 F.2d 366, 369-70 (7th. Cir. 1987) Furthermore, the Plaintiff was given distorted and tampered evidance by the defendants in response to his discovery. See Plaintiff's Exhibit 2. Thus, violating the requirement for collateral estoppel and res judicata. See, Sprecher V. Graber, 716 F.2d 968, 972 (2nd. Cir. 1983) Henry V. Ryan, 775 F. Supp. 247, 252 (N.D. Ill. 1991). Wherefore, the Plaintiff did not have a full and fair oppertunity to litigate these claims in his habeas petition. See, Allen V. McCurry, 449 U.S. at 101. Hence, the legal claims raised by the Pro se Plaintiff was not adequately presented in the habeas petition. See, Ferguson V. Dept. of Corrections, 816 P.2d 134, 138-39 (Alaska 1991). The Plaintiff's request for certification also was denied by the habeas Judge (S.T. Fuger, Jr.). Wherein, the lack of oppertunity to appeal may violate the requirement for collateral estoppel and res judicata. See, Henry V. Ryan, 775 F. Supp. at 252; De La Paz V. Danzl, 646 F. Supp. at 919.

<u>The Defendant's acts of falsifying reports and death threats towards the Plaintiff are a violation of his 8th. and 14th. amendment rights.</u>

The filing of false reports by the defendants was an attempt to cover up their wrong doing, and an act of consciousness of guilt as to the claims in this matter, which violates the Plaintiff's 14th. amendment right to the equal protection of the law. The defendant's threats of death and bodily harm of the Plaintiff violated his 8th. amendment right to be free of cruel and unusual punishment, for such threats caused the Plaintiff to suffer from mental and emotional distress, and too later led to the Plaintiff being

assaulted by defendants co-worker(s) as an act of carrying out these threats. See, Plaintiff's Exhibits 3, 4 and 5.

## Defendants Armstrong, Santopietro and Myers are not entitled to qualified immunity or Summary Judgment

Defendants were aware and had full knowledge that they were placing the Plaintiff in a "high risk" situation by placing him in the same cell with a "Northern" inmate who is classified and acknowledged to be a "threat to public safety, staff safety, [other inmates] and facility security." See, Plaintiff Exhibit 6.- paragraphs 3, 6, 8, 10 and 11 (Note* Northern is the only prison in the united states that places level 5 and/or 6 inmates together in the same cell, and did not start doing so until approximately November 1999, "after" the Affidavit of Commissioner Armstrong was signed). Defendants were deliberate indifferent in refusing to change the handcuff policy after the decision was made to house 2 northern inmates together in the same cell, and "after" being made aware that said policy was subjecting inmates to being assaulted by their cellmates while in handcuffs. See, Plaintiff's Exhibits 7, 8, 9, 10 and 11. "Deliberate indifference could be found based on failure to protect from the general danger arising from a prison environment that both stimulated and condoned violence" See, LaMarca v. Turner, 995 F.2d 1526, 1535 (11th. cir. 1993), cert. denied, 114 S.ct. 1189 (1994) also see, Farmer v. Brennan, ___ U.S. ___, 114 S.ct. 1970, 1978-84 (1994); accord, Goka v. Bobbitt, 862 F.2d 646, 651 (7th. cir. 1988) "The Constitution is violated where defendants know of the danger or where the threat of violence is so substantial or pervasive that their knowledge could be inferred, and yet defendants fail to enforce a policy or take other reasonable steps which may have prevented the harm."

Furthermore, the handcuff policy was not ruled upon by the state Superior Court in its <u>memorandum of Decision</u> see, Defendant's Exhibit A. if an issue was presented in an earlier case but not actually decided, the issue generally will not be collaterally estopped. see, <u>Haring V. Prosise</u>, 462 U.S. at 315; <u>Hernandez V. City of Los Angeles</u>, 624 F.2d 935, 938 (9th. Cir. 1980); <u>Cepeda V. Coughlin</u>, 785 F. Supp. 385, 387-90 (S.D.N.Y. 1992)

<u>Superior Court and writ of habeas Corpus petition</u>
<u>Lacks Competent Jurisdiction</u>

This case, as aforementioned, was filed and ruled upon by this Court, prior and before any decision from the state Superior Court.

Further, The State Petition for habeas Corpus lacks competent Jurisdiction to award damages as to these claims. See, Defendants Exhibit A - page 5, paragraphs 3-13. If a Law suit is brought before a state court in which the Court lacks Jurisdiction to award damages, the state court decision will not be res Judicata if a § 1983 damage suit is brought later. See, Burgas V. Hopkins, 14 F.3d 787, 790-91 (2d Cir. 1994); <u>Bates V. Dept. of Corrections</u>, 774 F. Supp. 536, 539 (E.D. Wis. 1991); <u>Catten V. Coughlin</u>, 644 F. Supp. 1228, 1229 (S.D.N.Y. 1986), citing <u>Davidson V. Capuano</u>, 792 F.2d 275, 278 (2d Cir. 1986).

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for summary Judgment should be denied.

x <u>Edward Vines</u>
Edward Vines #181047
MacDougall C.I
1153 east street south
Suffield, Ct. 06080

## Certification

I hereby certify that a copy of the foregoing was mailed on this 12th day of August 2004, to:

Michael J. Lanoue
Asst. Attorney General
110 Sherman St.
Hartford, ct. 06105

x _Edward Vines_