13. Such a sharing arrangement would pose the risk that certain inmates would gain power within the prison system. In exchange for the provision of services, an inmate could become obligated to another inmate and be compelled to perform a "hit" or assault on DOC staff or another inmate. At the very least, it would create a situation where one inmate was indebted to another. Either such situation threatens the safety and security of the institution.

14. Additionally, such a sharing arrangement may cause dissension between inmates, should one inmate disclose information to others about another inmate's case which he does not want disclosed.

15. Moreover, such a sharing arrangement would allow inmates to destroy another inmate's legal materials and/or keep the materials and not return them. This would also cause dissension amongst the inmate population.

16. Finally, inmates often demonstrate poor judgment and act against their own interest. Indeed, they are incarcerated for having used poor judgment in that they have committed crimes. In my opinion, it would not be beneficial for inmates to make legal decisions and judgments for other inmates.

17. In part, because of the above concerns, I have contracted with Sydney Schulman, Esq. to provide legal assistance to inmates. Under the contract between DOC and Attorney Schulman, ILAP provides inmates access to the civil judicial system for all

meritous claims, including but not limited to claimed violations of fundamental constitutional rights to courts. The services which Mr. Schulman's office provides to inmates were described in more detail in his testimony rendered in the matter Morris Allen Smith v. Meachum, et al., Docket No. 3:93CV01537 transcript pp. 62-68, 73, 74-76, and 82-85, 87-88 a copy of the transcript pages is attached hereto as Exhibit B. I allow all inmates at all facilities to call ILAP's office on the toll-free number or to write ILAP with any legal questions or concerns they have. Inmates are allowed five free envelopes a month for legal mail. If an inmate needs more envelopes and postage for legal mail, an inmate is provided with them.

_____
John J. Armstrong

_____
Notary Public/Commissioner of the Superior Court
My Commission expires:

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 14th day of May, 1996 to:

Percell Blakeney
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers Ct 06071

*Ann E. Lynch*
Ann E. Lynch
Assistant Attorney General

Exhibit 7

7/5/02

I Robert McMillian give this statement on my own free will that on 2-27-02 I was in cell 209 in one west with inmate Albert Anderson when I told several c/o's who's names I do not remember but if was to see there faces I'll know who they are that me and my celly was not getting along I also told Capt Buttler as well as the c/o's that I did not want him in the cell with me at all at this time Capt Buttles told me to deal with it this is Jail and then the c/o's asked me was I going to Rec or not I said yes to Rec and again I told them I do not want my celly in the cell with me and I also told them if they do not move him by the time I come back from Rec I'm going to fuck him up the c/o's then stated I don't give a fuck do what the fuck you got to do so when I was comeing back from Rec I asked the c/o's if my celly was still in the cell the c/o said yes where not moven him so do what you have to the c/o's then took off my handcuffs Rrist and stated do did so I did I Jumped on my celly.

I Declare under the penalty of perjury that this statement is true

[signature: Robert McMillian]

THIS DOCUMENT WAS SUBSCRIBED AND SWORN TO BEFORE A STAFF NOTARY PUBLIC AT NORTHERN CORRECTIONAL INSTITUTION, SOMERS, CT. IT HAS NOT BEEN READ OR INSPECTED IN ANY WAY. NEITHER THE INSTITUTION NOR THE CONNECTICUT DEPARTMENT OF CORRECTION TAKES ANY RESPONSIBILITY FOR OR SANCTIONS THIS DOCUMENT.

Subscribed and Sworn to before me, a Notary Public in and for County of Tolland and State of Connecticut, this ____ day of July, 2002.

MARK R. SUSE
NOTARY PUBLIC
MY COMMISSION EXPIRES 03/31/2007


PETITIONER'S EXHIBIT
CV01-3438
Vines v. Warden

Exhibit 8


PETITIONER'S EXHIBIT 10
CV01-3438
16    06/27/03

# Statment Of Affadavit

I Albert Anderson attest under penatuly ~~under~~ Or pejury that all Information I give in this affadavit is true and accurate to the best of my recollection on the date of this event.

On Feb 27th While in the custody of the D.O.C at Northern Correctinal facility I was assaulted with blows to my face And body And stabbed repeatadly with a pen by my cell mate while I was in handcuffs. I was blocked by my cellmate from reaching the only possible escape route And that being the trap door where ~~~~ our handcuffs are taken off one at a time So there was no way I could defend myself with my handcuffs still behind my back (in the A.S program this is policy) a very dangerous policy that has proved It self so many of times. I was totally at the mercey of the D.O.C's policy And procedure And It failed miserably to act in a resonable manner And protect the cuffed individual And doing this acted with deliberate Indifference

I Albert Anderson have given this statment of sound mind And body And will swear to these accounts under oath in a court of Law.    04/02/02

Albert E. Anderson 248869    2 pm    Date Notarized

Signature    4/1/02
MARK R. SUSE
NOTARY PUBLIC    Date    Notary

Affidavit Of Michael Mussington #122340 Northern Corr. Inst.

Rockville County, District Of Tolland

January 3, 2003

I Michael Mussington Willingly bring forth this Affidavit in Support of Eddie Vines. And that on March 25, 2001, This Affiant Was Assaulted by (um) ~~cell~~ partner. in Results of being assaulted while in handcuffs, This affiant received Several Stab Wounds to the back Area and facial bruises.

I hereby Certify that this foregoing Affidavit is True and Correct.

Respectfully Submitted,
Michael Mussington
January 3, 2003


PETITIONER'S EXHIBIT
CV01-3438
Vines v. Warden

1.)

Exhibit

I am giving this statement on my on free will.

I __Earl Bates__ a inmate confined at Northern Correction Institution administrative segregation, on the month of January day of 16, in the year of 2002, I was assaulted by my cell partner while I was in handcuffs restraints. I received injuries to all parts of my body because of this brutal assault by another prisoner. Department of correction reckless actions failed to protect me from harm.

I declare under penalty an perjury that the following is true:

_____Earl Bates_____ / 8-1-02
Signature           Date

_____M??____
Notary Public

__08/01/0?__
Date

MARK R. SUSE
NOTARY PUBLIC
MY COMMISSION EXPIRES 03/31/2007

THIS DOCUMENT WAS SUBSCRIBED AND SWORN TO BEFORE A STAFF NOTARY PUBLIC AT NORTHERN CORRECTIONAL INSTITUTION, SOMERS, CT. IT HAS NOT BEEN READ OR INSPECTED IN ANY WAY. NEITHER THE INSTITUTION NOR THE CONNECTICUT DEPARTMENT OF CORRECTION TAKES ANY RESPONSIBILITY FOR OR SANCTIONS THE SUBJECT MATTER OF THE DOCUMENT.

Exhibit #11

# STATEMENT AND FACTS

I ANTHONY J. HOLLINS #127886 give THIS STATEMENT ON MY own Freewill. I DECLARE UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

1) ON THE MORNING OF 3/19/02 I ANTHONY J HOLLINS WAS STANDING AT MY CELL DOOR WAITING FOR CAPT. BUTTLER TO DO HIS ROUND FOR THE DAY. CAPT BUTTLER CAME BY ABOUT 9:30 AM. I TOLD HIM ABOUT MY PROBLEM. THEN I HEARD INMATE EDWORD VINES #181097 CALL OUT TO CAPT BUTTLER AS WELL ON 3/19/02 I HEARD INMATE EDWORD VINES #181097 TELL CAPT BUTTLER THAT HE WAS HAVING PROBLEM WITH HIS CELL PRATNER BECAUSE HE DID NOT WANT NO KIND OF PROBLEMS AT ALL THAT HE JUST WANTED TO DO THE NORTHER PROGRAM AND GO BACK TO GENEROL POPULATION. CAPT. BUTTLER IGNORED HIS REQUEST AND JUST WENT ON WALKING TO THE NEXT CELL WHEN IT CAME TO SECOND SHIFT I HEARD INMATE EDWORD VINES #181097 TALKING TO THE MENTAL HEALTH WORKING IN FRONT OF HIS CELL I HEARD HIM TELL MENTAL HEALTH WORKERS WOOLVEN THAT HE WAS HAVING PROBLEMS WITH HIS CELL PARTNER AND HE FAIR FOR HIS SAFETY. MS WOOLVEN TOLD HIM THAT SHE WILL GO TALK WITH ON OF THE CORRECTIONAL OFFICER IN ONE WEST POD TO SEE IF SHE CAN GET INMATE EDWORD VINES #181097 MOVED THAT DID NOT WORK. ABOUT TEN MINUTIES LATER C/O ST. JOHN CAME TO INMATE EDWORD VINES #181097 CELL AND ASK HIM WHAT IS THE PROBLEM INMATE EDWORD VINES TOLD HER THAT HE WAS HAVING A LOT OF PROBLEM WITH HIS CELL PARTNER THAT THEY JUST WAS NOT GETING ALONG AT ALL. THAT HE CAN SEE THAT THER WOULD BE PROBLEMS AND THAT HE FAIR FOR HIS LIFE. AFTER INMATE EDWORD VINES TOLD C/O ST. JOHN THIS SHE JUST WALK AWAY FROM HIS CELL SHE NEVER CAME BACK. ON THE MORNING OF 3/20/02 WHEN THE C/O WENT TO INMATE EDWORD VINES CELL TO TAKE HIM AND HIS CELL PARTNER OUT FOR THER ONE HOUR RECREATION. INMATE EDWORD VINES #181097 HAND CUFF UP FIRST THAT IS WHEN HIS CELL PARTNER ATTACH HIM WITH HIS HAND CUFF ON THE CORRECTIONAL OFFICER WHOR STANDING AT HIS CELL DOOR WINDOW WATCH HIS CELL PARTNER KICK HIS ASS FAR ABOUT TEN MINUTIES

BEFOR L.T. KNAPP OR CAPT WIER OR CAPT BUTHLER CAME to HEIP INMATE EDWORD VINES THE CORRECTIONAL OFFICER COULD NOT go IN the cell UNTILL A LT OR CAPTAIN WAS THERE THIS MAN COULD OF got KILLED. THIS SAME THING HAPPEN TO me AS WELL I WAS ALLMOST BEATING TO DEATH ON 2/26/01 LOOK AL ATTACH ARTICAL. END OF MY STATEMENT.

THIS IS A TWO PAGE STATEMENT   by [signature]

RESPECTFULLY SUBMITTED
ANTHONY J HOLLINS # 127386
NORTHERN C.I.
P.O. BOX 665
SOMERS C.T 06071

STATE OF CONNECTICUT COUNTY OF ~~HARTFORD~~ Tolland Duly WITNESSED AND OR SWORN BEFOR THE UNDERSIGNED NOTARY ON THE DATE of

DATE 03/26/02    NOTARY [signature]

THIS DOCUMENT WAS SUBSCRIBED AND SWORN TO BEFORE A STAFF NOTARY PUBLIC AT NORTHERN CORRECTIONAL INSTITUTION, SOMERS, CT. IT HAS NOT BEEN READ OR INSPECTED IN ANY WAY. NEITHER THE INSTITUTION NOR THE CONNECTICUT DEPARTMENT OF CORRECTION TAKES ANY RESPONSIBILITY FOR OR SANCTIONS THE SUBJECT MATTER OF THE DOCUMENT.

MARK R. SUSE
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/31/2002

news & commentary

# "They Did Nothing"

*Beaten in prison, an East Hartford man sues the state*

**By Chris Harris**

A former prison inmate says he plans to sue the state and a handful of state corrections officers, claiming he was beaten unconscious in prison by another inmate. He claims corrections officers purposely placed him in a cell with a violent inmate — to teach him a lesson.

A notice of intent to sue, preliminary paperwork usually filed prior to an actual suit, was left with the state claims commissioner last Monday by Anthony Hollins, 34, of East Hartford. In it, Hollins' attorney writes that corrections officers "deliberately and recklessly placed [Hollins] in the cell with inmate Francis Anderson," Hollins' attacker, so that he could "inflict bodily injury upon [Hollins] and made no attempt to thwart the attack. Hollins had been serving a sentence on a criminal mischief charge when the alleged attack occurred.

The state Department of Correction declined to comment on the specific allegations. But Brian Garnett, a DOC spokesman, says the staff at Northern Correctional Institution in Rockville was alerted to the fight and ordered Anderson to stop. That, Garnett says, is the first step and follows prison policy. Step two? Pepper spray. That's what happened in this case, he says.

As for the charge that prison employees sat back and allowed the beating to occur? Garnett says that's poppycock. "We don't let people injure each other," says Garnett.

Hollins claims in his filing that the beating occurred the morning of March 26, 2001. He was put in a cell with Anderson, who, Hollins says, attacked immediately. Within seconds, Hollins says he was unconscious, lying motionless in a pool of his own blood on the floor of Anderson's prison cell. The fact that Hollins wasn't moving didn't stop the assault nor did it prompt corrections officers at Northern Correctional to step in, Hollins claims.

Anderson — who Hollins claims was a violent inmate with a tendency to attack other prisoners, a trait that earned him the nickname "Jumpshot" with prison officials — kept throwing punch after punch, and kick after kick. The beating, Hollins says, continued for five minutes before guards intervened. Eventually, both Hollins and Anderson were sprayed with a chemical agent that ended the beating, says Garnett, the DOC spokesperson.

An ambulance ride and 15 stitches later and the massive gash above Hollins' left eye was closed and healing — but Hollins says the pain was far from over. He says he continues to suffer chronic migraines so intense, "it feels like someone hit me in the head with a hammer. This [has taken] a great toll on my life," says Hollins. "It's affected my relationships, with my kids, my family members. I almost lost my life."

Lawsuits against the state must first be reviewed by Claims Commissioner James R. Smith to determine if they are legitimate. Smith's approval of Hollins' notice of intent will permit the lawsuit against the state and the Northern Correctional officials involved, to move forward. Hollins intends to sue the state for $2 million in damages.

"The state is the primary target," says Hollins' lawyer,



Anthony Hollins got the daylights beaten out of him before guards intervened, he says.

Hartford attorney Donald Freeman, "but the lawsuit will specify individuals."

Hollins, in the notice of claim, alleges that the attack against him was planned by a group of Northern officials with a grudge and that Anderson was merely a pawn. The claim states that "inmate Anderson was directed and instructed to violently take my life or assault me in return for prison staff favors," and says those instructions were given by four prison officials.

The claim further alleges that in 1989, while Hollins was incarcerated at Hartford Correctional, Northern Correctional Lt. Michael Holland, then a rookie officer, discovered that Hollins had dated his sister-in-law. Holland learned that his wife had at one time dated Hollins' cousin, according to the notice of claim.

In July 1999, Hollins was incarcerated at Northern Correctional on a criminal mischief charge. Not long after Hollins' arrival, Holland began threatening him, the claim states. Eventually Hollins confronted Holland and made a disparaging remark about his wife, according to the claim. Shortly thereafter, Hollins was moved in with Anderson.

An investigation conducted by State Police Det. Shannon Belcher concluded that Anderson initiated the assault. Hollins did not fight back, according to an incident report. The report does not address the issue of unresponsiveness on the part of corrections officers, however.

Anderson, according to Hollins, was never formally charged with the assault. An arrest warrant was applied for but never signed by a judge. Though the *Advocate* could not confirm this information with the Department of Correction, Hollins' attorney says Anderson had been incarcerated in the past for lashing out against his fellow inmates and staff.

"We have very reliable information that [Anderson] had numerous, and I do mean numerous, prior assaults on inmates and employees," says Freeman.

charris@hartfordadvocate.com

By *[signature]*

ANTHONY I HOLLINS #127586
NORTHERN CI P.O. BOX 665
SOMERS CT 06071