United States District Court
District of Connecticut

FILED
2004 AUG 26 P 3:52
U.S. DISTRICT COURT

Edward Vines
Vs.
John Armstrong, et al

: Prisoner
: Case No. 3:02cv1108(JCH)(HBF)
:
: Date: 8-23-04

### Plaintiff's Statement of Declaration in opposition of Defendant's motion for Summary Judgment

Pursuant to "Local Rule 56(a)2 statement," The Plaintiff, Edward Vines, declares under penalty of perjury that the following is true and correct:

1.) My name is Edward Vines and I am the pro se Plaintiff in this civil complaint brought against the defendant(s).

2.) On 8-12-04 I filed with this court motion in opposition of Defendant's motion for Summary Judgment accompanied with memorandum of Law in opposition of Defendant's motion for Summary Judgment and Exhibits 1-11 (47 pages in all)

3.) On 8-12-04 I mailed a "certified" copy of all 47 pages aforementioned in paragraph 2 of this statement to: Michael J. Lanove Asst. Attorney general 110 Sherman St. Hartford, Ct. 06105

4.) The Plaintiff was denied a public defender and/or competent representation by the state superior court in his state habeas (See. EX. 1 att. to memorandum of Law)

5.) The Plaintiff was compeled to forego his habeas pro se with

a lack of knowledge of the law and/or the legal system.

6.) The Plaintiff was denied his repeative requests to have "several" "non state employees" testify on his behalf, but was limited to two(2) by the habeas court Judge.

7.) Plaintiff was also given distorted and tampered evidance by the defendants in response to his discovery request. (See Ex. 2 att. to memorandum of Law)

8.) The Plaintiff's request for certification was denied by the habeas court Judge.

9.) On June 25, 2002 the Pro Se plaintiff filed this civil rights action pursuant to 28 U.S.C. §1915 with this U.S. District court.

10.) On July 30, 2001 (prior to the alleged incidents in this matter) the Plaintiff filed a Petition for writ of Habeas Corpus with the state Superior court challenging the illegal detention of his confinement to A.S. at Northern C.I. (See Defendant's Ex. B)

11.) Due to the plaintiff's lack of the law and of the legal system, said petition for writ of habeas corpus had to be amended three (3) times (also, see defendant's Ex. B)

12.) On December 10, 2003 (prior to the February 24, 2004 memorandum of Decision from the state Superior court) this U.S. District court ruled against the defendant's (Ruling on motion to Dismiss [Dkt. no. 15]) denying their claims and motion to dismiss. Hence, giving this court Jurisdiction over the Plaintiff's claims, in that this court found basis in making the first ruling in regards to said claims.

13.) The habeas court did and does not have "competent Jurisdiction" to award damages as to the claims in this matter.

14.) This U.S. District Court <u>ruling on motion to Dismiss</u> dated December 10, 2003 substains that there are genuine issues of material facts to be disputed.

15.) The defendants are not entitled to summary judgment because there are no grounds for Collateral Estoppel and Res Judicata, and because there are genuine issues of material facts to be resolved. These issues are identified in the accompanying <u>statement of Disputed Factual issues</u> and <u>response to defendant's material facts</u> Filed by the Plaintiff pursuant to Rule 56(a)2 of the local rules of this district court.

Pursuant to 28 U.S.C. §§ 1746, I declare under penalty of perjury that the foregoing is true and correct.

8-23-04          x Edward Vines

## Certification

I hereby certify that a copy of the foregoing was mailed on this 23rd day of August 2004, to: Michael J. Lanoue
Asst. Attorney General
110 Sherman St.
Hartford, CT. 06105

x Edward Vines