United States District Court
District of Connecticut

FILED

2004 AUG 26 P 3: 52

U.S. DISTRICT COURT

Edward Vines

Vs.

John Armstrong, et al

: Prisoner
:
: Case No. 3:02 cv1108 (JCH)(HBF)
:
: Date: 8-23-04

## Plaintiff's Statement of Disputed Factual issues

Defendant's have moved for Summary Judgment on the Plaintiff's claims concerning cruel and unusual punishment, physical assault and battery, medical neglect, and deliberate indifference. Pursuant to Local Rule 56(a)2 of this Court, the Plaintiff submits the following list of genuine issues of material facts that require the denial of the defendants' motion.

1.) whether the Defendants were deliberate indifferent in having "prior" knowledge of a [high risk] situation where the Plaintiff was "more then probable" to be assaulted by his cellmate, and defendants not having done anything to rectify the situation and/or change the policy. (See, EX. 6-11 att. to memorandum of Law)

2.) whether the plaintiff reported to defendants Butler and St. John that he (the Plaintiff) was in fear of being assaulted by his cellmate (i/m Ramos) and requested a cell change (See, EX. 11 att. to memorandum of Law. also attached, see EX's 12, 13 & 14)

3.) whether the Defendants aided and abedded in the Plaintiff's being assaulted, by first handcuffing the plaintiff and then "telling" his cell partner to attack him. (also see, EX. 11, 12, 13 & 14)

4.) whether the Plaintiff being attacked by c/o O'Dell on 3-18-03 was an acked to carry out the threats of the defendants who threatened the

life and/or to harm the plaintiff if he was to report their wrongdoings. (See EX. 3, 4 & 5 att. to memorandum of Law)

5.) whether the correction officers "promptly" stopped the assault

6.) whether the matter was first filed with this court, and whether the habeas court has "competent Jurisdiction" to award damages (see memorandum of Law)

7.) whether the plaintiff had "addiquate representation" in his habeas petition and/or a full and fair oppertunity to litigate these claims (see memorandum of Law)

8.) whether the threats made by defendants and filing of false reports constitute an 8th. and/or 14th. amendment violation (see EX. 15 attached and also EX. 2 - Reports by c/o Curtis - att. to memorandum of Law)

<u>Plaintiff's Response to material facts of the defendants</u>

1.) <u>Denied</u> (in part) - The plaintiff filed a habeas Petition in connecticut Superior court on July 30, 2001 regarding his being housed and placed on Administrative Segregation (A.s.) Status. Plaintiff amended his petition on August 30, 2001 regarding his being placed on A.s. on 9-18-02 the Plaintiff amended his petition - for the second time - [adding] the issue of whether he had been protected from assault by Doc personnel.

2.) ~~Denied~~ - The court (quote) "it is hard to say that this constitutes a deliberate indifference"

3.) <u>Admit</u>

4.) <u>Denied</u>

5.) ~~Denied~~ - The habeas court found that "there has been no proof."

6.) <u>Denied</u>

7.) <u>Admit</u>

8.) Denied (in part) - Plaintiff reported injuries of both neck and Back pains and was never checked to see if pupils were equal and/or reactive to light.

9.) <u>Admit</u> (in part) - the Plaintiff was instructed but never offered nor given any "cool compresses" to apply to his head.

10.) <u>Admit</u>

11.) <u>Admit</u>

12.) <u>Admit</u>

13.) <u>Admit</u> (in part) - Ramos attacked the plaintiff - while handcuffed - after being told to do so by the defendants

14.) <u>Admit</u> (in part) - The Plaintiff's handcuffs were removed after a long period of his being brutally assaulted by Ramos.

15.) <u>Admit</u> (in part) - a code was called "only" after the Plaintiff's handcuffs were removed and his being assaulted was concluded.

16.) <u>Denied</u> - The Plaintiff was compeled to being handcuffed [again] through the trap slot while still secured in the cell with Inm Ramos, after being assaulted, before staff would enter the cell.

17.) <u>Admit</u> (in part) The Plaintiff complained of chest pains but was never examined

18.) <u>Admit</u> (in part) the Plaintiff complained of chest pains but was never examined

19.) <u>Admit</u>

20.) <u>Denied</u>

21.) <u>Admit</u> (in part) The Plaintiff has no knowledge and therefore can not admit or deny as to what the defendants consider "to be within normal limits".

22.) <u>Admit</u>

23.) <u>Admit</u> (in part) - some, but not all, of the plaintiff injuries accorred after May 31, 2002. And some injuries sustained on March 20, 2002 were later re-agravated from further assaults of the plaintiff.

8-23-04                                         x Edward Vines

EXhibit #12

Levi Wallace
#84584

5/22/2002

I:

INMATE Levi Wallace #84584 forward the following information of my own free will and the information contained here in is true and complete to the best of my understanding. I am an inmate incarcerated at the northern correction facility where the following took place. On the morning of 3/19/2002 at approximately 9:00am, I over heard an inmate who later was discovered to be inmate Edward Vines #181047, 1-West-Unit 206 cell pleading with unit manager (1-West-Unit) Captain Maurice Butler to separate himself (Vines) and his then cell partner inmate William Ramos #222333 because he (Vines) feared for his safety. Unit manager (1-West-Unit) Captain Maurice Butler responded back to inmate Vines #181047 by stating that the only way you two will be separated is by one of you getting fucked up in there, meaning they would have to fight one another in order to be separated. On the evening of 3/19/2002 at approximately 7:40PM a mental health case worker known to inmates as Mrs. Irene Woolven was touring the 1-West unit top tier. I once again over heard inmate Vines pleading with her as well to do something to assist him in being separated from his then cell partner William Ramos #222333 as soon as possible because he (Vines) once again feared for his safety. Mrs. Irene Woolven promised inmate Vines #181047 that she would do all that she could to better his current and dangerous situation and that she would speak with custody staff as soon as she left his

Part "B"

Levi Wallace
"84684"

(Vines) presence. And approximately 7 to 10 minutes later corruption officer: Mrs. St. John approached inmate Vines' "181047" assigned housing quarters (1-West-Unit-206-cell) to inquire as to what exactly was going on between him (Vines) and his then cell partner William Ramos "222333". Inmate Vines' "181047" once AGAIN explained (to a custody staff) that he (Vines) was seriously concerned for his safety. officer: St. John simply replied "You will have to consult your unit manager captain: Maurice Butler in the morning when he tours (if he tours) the one west unit top tier". After officer: St. John made this statement she departed. Inmate Vines "181047" remained in jeopardy housed in 1 West-206 cell with inmate William Ramos "222333". I over heard the Vines-St. John conversation as well. On the morning of 8/20/00 at approximately 8:30am as i stood in front of my cell door to be handcuffed and shackled for what is called here at northern recreation i observed officer's: Curtis and Warner ascending the staircase toward the top tier of the 1 west unit armed with several pairs of handcuffs and shackles for once again what is called here at northern recreation. Approximately 10 minutes later i heard officer's: Curtis and Warner approach inmate's Edward Vines "181047" and William Ramos "222333" assigned housing quarters in the 1 West unit (1-West-206 cell) and Vines was asked by office Curtis if he (Vines) was ready for recreation and Vines then stated that he was not going to cuff up first because his cell partner William Ramos "222333" was not going to attend recreation and that he (Vines) felt seriously concerned for his safety because he was being threatened by his cell partner William Ramos "222333". Officer's: Curtis and Warner assured inmate Vines "181047" that his cell partner William Ramos "222333" would not attempt to assault him (Vines) in the presence of corruptions officer's. Inmate Vines hesitated/paused and then backed up to the cell door and placed his hands out of the trap/slot door on the cell door to be handcuffed (BEHIND THE BACK) which he (Vines) did without further interruption. I then heard a commotion and loud banging coming from inmate's Edward Vines "181047"

Part-C

and William Ramos '###338' assigned Housing quarters in the one west unit (1-West-208-cell). It appeared Evident to me that inmate Vixes '181047' was being ATTACKED by His then cell Partner William Ramos '###338'. While Hand-cuffed behind the back. and while inmate Vixes was being Viciously Assaulted by His Lunatic cell Partner Ramos '###338'. Officer's "Cox, Curtis and Warner" were all Chanting "Yeah Ramos Whupp That Ass" [that's the move] and if we see blood we'll give ya an extra tray at Lunch time Boy! I then Heard an officer yell to inmate Vixes '181047'. "Try to back up to the Trap Boy and we'll take the cuff's off ya and Let you whupp the ricans ass a Little Somethin' before the Brass Get Here! This Taunting (By the three Previously Mentioned officers') went on until a Captain "Kim urier" arrived on the scene of the code Blue Assault. I also over Heard (officers' Curtis and Smith during the Lunch service on 8/20/200? as they approached inmate Vixes '181047' assigned Housing quarters in the 1-West unit (1 West 206 cell) and stated the following as I stood in front of my cell door waiting to be served Lunch: officers' curtis and Smith stated to inmate Vixes '181047' That He Had Better say That the officers' were about to Handcuff Him (Vixes') and That He (Vixes') was not Handcuffed at the time of His (Vixes') being ATTACKED By His then cell Partner William Ramos '###338'. * END of STATEMENT * I was Housed in 1-West Unit 204 cell at the time of the Edward Vixes '181047' ASSAULT.

Lou Wallace

* 84584 *

8/20/200?

Subscribed and Sworn to before me, a Notary Public in and for County of _Tolland_ and State of Connecticut, this _26th_ day of _March_ 20 0?

Me RS

THIS DOCUMENT WAS SUBSCRIBED AND SWORN TO BEFORE A STAFF NOTARY PUBLIC AT NORTHERN CORRECTIONAL INSTITUTION, SOMERS, CT. IT HAS NOT BEEN READ OR INSPECTED IN ANY WAY. NEITHER THE INSTITUTION NOR THE CONNECTICUT DEPARTMENT OF CORRECTION TAKES ANY RESPONSIBILITY FOR OR SANCTIONS THE SUBJECT MATTER OF THE DOCUMENT.

MARK R. SUSE
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/31/2002

Exhibit #13

Affidavit

March 25, 2002

On March 19, 2002, at of about 8:30 - 9:00 AM, I Stephen C. Freeman, Jr. over heard inmate Edward Vines #181047 inform in accordance to page #3 section f.2 Problem Solving, and page #1 section D Personal Safety, Unit Manager Maurice Butler of Northern C.C.I.'s I - West Pod Unit quote: "Me and my cellpartner aren't getting along, he's been threatening to do things to me, I don't feel safe in this cell with him can you please move me to a different cell?" I then over heard Capt. M. Butler sarcastically respond stating and I quote: "This ain't no hotel we don't accommodate inmates, if you and your cellpartner can't settle your differences then fight and I'll move one of you then", and I assumed he walk away because Vines #181047 begin talking to me.

Later on that night I then also over heard Mr. Vines #181047 tell Mental Health nurse Irene the same thing told to Butler and she intup brought the matter to the attention of custody officer Mjr. St. John who in turn told Vines that there is nothing that they can do for him at that moment but to hold off until 3/20/2002 when Butler comes in and address your issue to him.

Sworn to this 26th

day of March, 2002 before

MCPS

MARK R. SUSE
NOTARY PUBLIC
MY COMMISSION EXPIRES 3/31/2002

Stephen Freeman

Affiant

Exhibit #14

I Elmer Mateo Jr. #250912 declear under penalty of perjury that the four going is true, and correct.

on tuesday Morning "3-19-02 I was standing at my cell door "1 west 207" waiting to see the unit manager "Capt Butler" as he made his tour of the 1 west unit at Northern C.I I observed and heard "Capt Butler tell inmate Vines #18104 and inmate Ramos #222333 ~~that~~ to be moved unless they Both ~~faught eachother~~. later that night on 2nd shift I heard Vines speaking to a mental health case worker, and telling her that he was in fear of his life. Vines requested to be moved from Ramos. I also heard Vines, and Ramos cell "206" in conversation with c/o St John, and telling her that they needed to be seperated. this was about 15 minutes after Vines had spoken to mental health

on wednesday 3-20-02 I was standing by my cell door dressed and ready for REC when c/o Curtis, and c/o Warner stoped at Vines, and Ramoses cell "206" to let them out for REC. Both Vines, and Ramos told these officers that they were having problems with each-other these officers then gave Vines a direct order to turn around, and cuff up Behind

Subscribed and Sworn to Before me ... Notary Public at NORTHERN CORRECTIONAL INSTITUTION, Somers, CT. ... This document was subscribed and sworn to before a stand ... NEITHER THE INSTITUTION NOR THE CONNECTICUT DEPARTMENT of CORRECTION TAKES ANY RESPONSIBILITY FOR OR SANCTIONS THE SUBSTANCE ... IT HAS NOT BEEN READ OR INSPECTED IN ANY WAY

# Disciplinary Report – Page 1
## Connecticut Department of Correction

CN 9503
1-10-94

| Unit  N.C.I | Report date | Report no. |
|---|---|---|

| Inmate name RAMOS, WILLIAM R | I.D. no. 222333 | Housing 1W 206 |
|---|---|---|
| Location 1W206 | Incident date 3-20-02   Time 8³⁵  ☒ a.m.  ☐ p.m. | |
| Charge ASSAULT | Class A | |

**Description of violation:** On the above date and time, I/m Ramos #222333 assaulted I/m Vines #181047 when this officer attempted to place handcuffs on I/m Vines to take him out for recreation. I/m Ramos was punching I/m Vines with a closed fist to the body.

**Witness(es):** C/o Warner

**Physical evidence:**

| Reporting employee | Employee requests copy  ☐ yes  ☐ no |
|---|---|
| Title C/o | Date 3-20-02 | Time 8³⁵  ☒ a.m.  ☐ p.m. |

## CUSTODY SUPERVISOR / UNIT MANAGER REVIEW

| ☐ Administrative detention | Date | Time  ☐ a.m.  ☐ p.m. |
|---|---|---|
| ☐ Interview accused | ☐ Informal disposition | |

Custody supervisor / unit manager signature

| Title  T | Date 3-20-02 | Time 10:00  ☒ a.m.  ☐ p.m. |
|---|---|---|

## INMATE NOTICE

Delivered by Pack

| Title C/o | Date 3-20-02 | Time 11:00  ☒ a.m.  ☐ p.m. |
|---|---|---|

## Certification

I hereby certify that a copy of the foregoing was mailed on this 23rd. day of August 2004, to: Michael J. Lanove

Asst. Attorney General
110 Sherman Street
Hartford, ct. 06105

x Edward Vines prise
Edward Vines #181047
macDougall C.F
1153 east street south
Suffield, ct. 06080